Rustin, C. J.
 

 The plaintiff accepted the appointment of Secretary, on a special agreement as to his compensation ; which was to bo three dollars for “ each day he was emplojmd,” that is to say, as Secretary. The nature of his duty is not particularly stated; but, from the denomination given to his place, it is to be inferred, that it was to record the acts of the Board, and, in relation to loans made by it, to keep the reeprisite accounts of them, like other acts of the Board. It is probable, that the most convenient form of doing that was to make a register of the notes, as they were given or renewed, and accepted by the Board, and to preserve them among the papers belonging to the Board. If the plaintiff did his duty promptly and properly, it must, from its nature, have been or might have been performed, when' the acts of the Board were adopted: in other words, on the days when the Board was in session ; for every Clerk or Secretary ought, as a public or corporate body adopts acts, to record them. If he chooses to take minutes of them at the time, and record them afterwards, it is for his own convenience. It is stated, indeed, that the plaintiff offered to prove, that the duty was assigned to him of attending to the renewal of notes, and receiving interest and payments thereon, and that the execution of-this duty was, for the most part, when the Board was not in session. We do not comprehend this part of the case; for certainly those acts, if done without the knowledge and direction of the Board, are beyond the function of a mere Secretary, and belong rather to a cashier, treasurer, or
 
 *206
 
 general agent. Besides, this Board could delegate no such authority to any one. Their trust is a public one, and they, the Board, are empowered to lend the money belonging to the Fund, on good security and short credit; and it is plain, it was not intended that power should or could be delegated, and, we presume, it never was. However that may have been, it is the obvious meaning, as it seems to the Court, of the resolution under which the plaintiff was appointed, and his compensation fixed, that whatever he did should be paid for in this manner, namely, by paying the sum of three dollars for every day he was actually engaged as Secretary ; which is naturally to be understood as embracing the days in which he was employed as the servant of the Board, in recording their acts, and not in doing the aets Which they ought to bavc done. And we have the more confidence in this construction of the resolution or contract, because it was acted on by the Board and the plaintiff, throughout his employment of four years. During that time, lie must have received annually, or quarterly, or often er, his wages, upon the principle against which he now complains, though he did not then. This is a practical proof of the sense in which all parties understood the subject; and the true principle of construction is to effectuate the iu-tention of the parties. No doubt the gentlemen of the Board made the plaintiff a full compensation, as they considered, for his services; and if the plaintiff then claimed no more, or if, after claiming more and having his claim refused, he continued in the service of the Board, there can be no other conclusion than that no more was intended from the beginning, according to the natural import of the terms used in the resolution. The plaintiff has received the sum he contracted for. For this reason, the Court thinks the non-suit was right; and the judgment must he affirmed.
 

 Per Curiam. Judgment affirmed.